IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN LEWIS CROSBY, II, | ) | No. C 05-4464 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| OAK HOTEL MANAGEMENT, et al, | ) | |
| Defendants. | ) | (Docket Nos. 2, 4, 5) |

Plaintiff, a frequent litigator in this Court, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff's complaint, though largely unintelligible, asserts the same cause of action that he has raised in multiple prior cases: C 02-4195 JSW (PR); C 04-1353 JSW (PR); C 04-2182 JSW (PR); and C 04-2373 JSW (PR). Several of these actions were dismissed for failure to state a claim upon which relief could be granted and others were dismissed for failure to comply with the Court's orders.

Plaintiff's complaint, though more intelligible than his previous filings, is still largely incomprehensible. It is directed against multiple individuals who Plaintiff contends are responsible for the revocation of his parole. However, with regard to the allegations in the complaint, Plaintiff fails to state a claim against the named parties for the reasons set forth below. As such, Plaintiff's complaint is DISMISSED. Plaintiff's applications to proceed in forma pauperis are DENIED (docket nos. 2, 5), as is his motion seeking appointment of counsel (docket no. 4).

**DISCUSSION**

Plaintiff's complaint and the document attached thereto set forth a general complaint about his arrest and subsequent parole revocation. Plaintiff alleges that he was living in the Oak Hotel in San Francisco and that the proprietors, the Patels, after a dispute about the rent, called the police and apparently complained that he threatened them with a gun. When the police came to his door and searched him and his place, they did not find a gun. However, a subsequent warrant check resulted in the discovery of a parole warrant for Plaintiff and he has apparently been incarcerated ever since. Plaintiff claims that the Patels violated his rights by falsely complaining about him, the police subjected him to false arrest and his parole agent failed to allow him to continue on parole and ordered an excessive sentence during the revocation hearing.

Most of Plaintiff's claims have been raised in earlier complaints and this Court has previously informed Plaintiff that these allegations fail to state a claim for relief under 42 U.S.C. § 1983.[1] The only new Defendants in this complaint, not addressed in this Court's earlier orders are several San Francisco Police Department officers.

A.  <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se

---

[1] Plaintiff's claims against the Patels and his parole agent are also barred under the doctrine of res judicata. Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *See Montana v. United States*, 440 U.S. 147, 153 (1979). However, due to Plaintiff's status as a *pro se* litigant, the Court will again discuss the substantive basis for the dismissal against these Defendants.

pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Complaint</u>

In this case, Plaintiff has sued his parole officer, the Patels, private individuals who apparently own and run the Oak Hotel, where he formerly lived and police officers who arrested Plaintiff after being called by the Patels and subsequently learning he had an outstanding parole warrant. However, none of the allegations in Plaintiff's complaint state a claim upon which relief may be granted.

To the extent that Plaintiff is alleging a claim against his parole officer for failing to continue him on parole and setting an excessive sentence in the revocation proceeding, state parole officials have absolute quasi-judicial immunity when they act to grant, deny or revoke parole, because such actions are functionally comparable to those of judges. *Sellars v. Procunier*, 641 F.2d 1295, 1302-04 (9th Cir. 1981); *Anderson v. Boyd*, 714 F.2d 906, 908-09 (9th Cir. 1983) ("Quasi-judicial immunity completely shields covered officials when they perform the functions which give rise to the need for absolute protection, even when the officials make egregious mistakes in carrying out these duties."). Parole officers also possess an absolute judicial immunity from damage suits under § 1983 for official functions bearing a close association to the judicial process. *See, Demoran v. Witt*, 781 F.2d 155, 156-58 (9th Cir. 1985) (immunity for preparing reports for use by state courts).

To the extent that Plaintiff attempts to state a claim against the Patels, whose complaint against Plaintiff may have formed the basis for his arrest and parole

revocation, he cannot state a claim. A private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974).

Further, although Plaintiff's complaint fails to name and set forth specific allegations against the arresting officers, the complaint will be dismissed without leave to amend for several reasons. First of all, Plaintiff concedes in his complaint that the officers who arrested him did so upon an allegation of crimes committed by him from a witness known to him and upon the existence of a parole warrant, both clearly sufficient to establish probable cause. *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir. 2004) ; *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002). Moreover, it appears from the complaint that Plaintiff's claims would also be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), that holds that the complaint must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Guerrero v. Gates*, No. 02-56017, slip op. 3247, 3260 (9th Cir. March 27, 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him).

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file, TERMINATE all pending motions as moot and enter judgment in this case.

IT IS SO ORDERED.

DATED: <u>May 15, 2006</u>

_____
JEFFREY S. WHITE
United States District Judge

4